SCHUCKMAN *v.* WINTERBOTTOM *et al.*

(*Superior Court of New York City, General Term.* April 5, 1890.)

1. SALE—ACTION FOR PRICE—ACCEPTANCE.

In an action for the price of vans, evidence that they had been used by defend-ants for a long time, and were still being used, without any return or offer to re-turn, warrants the conclusion that defendants had accepted the vans as built in ac-cordance with the contract.

2. SAME—MANUFACTURED ARTICLES—INSPECTION.

Testimony that one of the defendants was at plaintiff's shop every few days dur-ing the construction of the vans, and took charge of them, and called plaintiff's at-tention to the manner in which the panels should be constructed, precludes any re-covery by defendants on the ground of a latent defect, in that the panels were not as thick as they should be for vans of such a size.

3. SAME—EVIDENCE—MATERIALITY.

Where the time of the delivery of goods sold becomes material in an action for the price, and defendants put in evidence their books containing entries of the time of delivery, the meaning of certain marks on the books near the entries be-comes immaterial where the person who made the entries testifies that the entries were made before the marks were.

Appeal from jury term.

Action by George Schuckman against Solon Winterbottom and another. There was a verdict for plaintiff, and from the judgment entered thereon de-fendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Samuel Greenbaum,* for appellants. *John P. Schuckman,* for respondent.

SEDGWICK, C. J. The action was for a balance of moneys to be paid to plaintiff by defendants under the provision of a contract. The contract was that the plaintiff should build certain vans, and deliver them to defendants, for which the defendants were to pay certain sums. The defense was that the vans were not made in the manner provided by the contract. The respect. in which they were claimed not to be in accordance with the contract was that the panels of the vans were not sufficiently thick, or as thick as panels. were ordinarily made for vans of such a size; and on this ground the defend-ants claimed that the plaintiff had not shown performance on their part. The testimony showed beyond doubt that the defendants had received the vans, and had used them for a long time, and that they were still used, without any return or offer to return. The conclusion from the testimony was that the defendants had accepted the vans as built in accordance with the contract. Part of the testimony on this subject were certain entries in the defendants' books, in his business, which were statements of the times when the vans were received. On the books, near these entries, were blue marks, like checks. A witness, who had made the entries, was asked, on behalf of defendants, to explain these marks. The form of the questions was irregular, and the over-ruling of them by the court was correct, for that reason. But if the testi-mony, in explanation of which the questions were asked, was stricken from the case, the remainder of the evidence showed that the vans had been ac-cepted without any claim by defendants that they did not fulfill the contract. Under these circumstances the plaintiffs were entitled to payment of the con-tract price. *Reed* v. *Randall,* 29 N. Y. 358; *Studer* v. *Bleistein,* 115 N. Y. 325, 22 N. E. Rep. 243; *Pierson* v. *Crooks,* 115 N. Y. 547, 22 N. E. Rep. 349.

It is argued that this result is not a proper one here, because the defect of which defendants complain was latent, and not discovered, by a reasonable degree of observation, at the time of the receipt of the vans, or during a long time after. I do not think it is necessary to examine the law of the condi-tions claimed to exist, because it is in evidence from one of the defendants. that, before the vans were completed, he had observed the manner in which they were built, and specifically the thickness and construction of the panels.

That witness had been at plaintiff's shop during the work. He was there every few days. He took charge of them personally. He made several complaints. He attended to the outside. He told the plaintiff that the panels ought to be put in lengthwise, instead of up and down. "*Question.* In other words, the grain, instead of running up and down, should run lengthwise? *Answer.* Yes, sir; the panels should be made in one piece." It is clear that the defendants retained the vans knowing the condition of the panels, and their size. The defendants could not assert that the vans were not in accordance with the contract after the acceptance with knowledge of the facts, and were not entitled to any damage on account of the condition of the panels.

It is claimed that it was error not to allow a witness who made the blue marks that have been already referred to, to explain their meaning. The defendants, for the purpose of establishing that they were entitled to an allowance of $10 a day for 51 days on account of delay in delivery, under a provision of the contract, put in evidence their books, which contained entries of the times of actual delivery. On cross-examination the witness who made the entries was asked if the entry was made before the blue lines were, and the answer was in the affirmative, and long before. Upon this affirmation of the witness, it was immaterial to ascertain what the meaning of the blue marks was. The judgment is affirmed, with costs. All concur.